IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NATHAN GERDES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 8:09CV313 |
| | ) | |
| NORTHEAST COMMUNITY COLLEGE, | ) | ORDER |
| A Political Subdivision of the State of | ) | |
| Nebraska, | ) | |
| | ) | |
| Defendant. | ) | |

   This matter is before the court by consent of the parties on Defendant's Motion to Compel (#37). Moving counsel complied with the requirements of Fed. R. Civ. P. 37(a)(1) and NECivR 7.0.1(i). Plaintiff did not respond to the motion.

   In a verified Complaint, Plaintiff alleges that he enrolled at the defendant college ("Northeast") for the 2007 fall semester and was "summarily dismissed" by the vice-president of Student Services on September 19, 2007 for violations of the student code. Plaintiff subsequently enrolled as a student at Wayne State College. In this case, Plaintiff contends he was expelled from Northeast in violation of his constitutional rights to due process and protection of the law in the disciplinary process. Plaintiff alleges that, as a direct result of Defendant's unlawful acts, he has been damaged for the denial of his rights under the law, a delay in his educational career causing economic damages of $50,000, and general non-economic damages "as allowed by law."

   On February 10, 2010, Defendant served Interrogatories and Requests for Production of Documents on the Plaintiff. Defendant's Motion to Compel, filed January 31, 2011, advises that the plaintiff "failed to adequately answer particular Interrogatories and Request for Production of Documents to date, regarding Plaintiff's alleged damages and educational history including, but not

limited to, Interrogatory Nos. 3, 10, 14, 18, 20, 22, 23, 24, and 25 and Request for Production Nos. 1, 5, 15, 18, 19, 20 and 21."

Plaintiff was deposed on November 10, 2010. At that time, Plaintiff's counsel agreed that Plaintiff would supplement discovery relating to his alleged damages and educational history. The record demonstrates that Plaintiff did not provide any supplemental discovery.

Under Fed. R. Civ. P. 26(b)(1), the parties to a lawsuit may obtain "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Relevant information need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party. A request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party." *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006) (footnotes omitted).

Turning to the substance of Plaintiff's answers to interrogatories, Plaintiff is advised that he

> must provide true, explicit, responsive, complete, and candid answers to interrogatories.... If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and "set forth the efforts he used to obtain the information." .... It is axiomatic that the purpose of discovery is to make a trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible," ..., as well as to narrow and clarify the issues in dispute.

*Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D. Pa. 1996) (citations omitted). Under Fed. R. Civ. P. 37(a)(4), "an evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond."

Upon review of Defendant's discovery requests, the court finds that the requests at issue all seek information relevant to the parties' claims and defenses. Plaintiff's answers are incomplete, evasive or unresponsive, and the motion to compel is granted in its entirety.

Pursuant to Fed. R. Civ. P. 37(a)(3)(B),

**IT IS ORDERED** that Defendant's Motion to Compel (Doc. 37) is granted in its entirety, as follows:

1. Plaintiff shall, no later than **April 4, 2011**, fully respond to defendant's Interrogatories Nos. 3, 10, 14, 18, 20, 22, 23, 24, and 25 and Requests for Production Nos. 1, 5, 15, 18, 19, 20 and 21 by producing the following information:
    a. Any and all bills or notices from a collection agency;
    b. Any and all documentation of Plaintiff's damages, including
        - Tuition;
        - Loans;
        - Amounts paid to Northeast Community College after expulsion and prior to Plaintiff's transcript being released; and
        - Books and any other out-of-pocket expenses.
    c. Any and all tax records for the last five years;
    d. Any and all medical records with regard to Plaintiff's claim that he may have developed an ulcer;
    e. Documentation of any and all loans or financial aid obtained by Plaintiff including, but not limited to, aid received via federal Stafford Loan or Pell Grant and loans from Wells Fargo, Chase, and Pinnacle Banks; and
    f. Plaintiff's educational records and/or file from Wayne State College.

2. If Plaintiff does not timely and fully comply with paragraph 1, above, the court, upon proper motion by the Defendant, may impose evidentiary and monetary sanctions pursuant to Fed. R. Civ. P. 37(b)(2).

**DATED March 18, 2011.**

                BY THE COURT:

                s/ **F.A. Gossett, III**
                **United States Magistrate Judge**